Nazmin HABIB and Nadia Habib, Petitioners,

v.

Eric H. HOLDER, Jr., United States Attorney General,* Respondent.

No. 08–1603–ag.

United States Court of Appeals, Second Circuit.

April 7, 2009.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), United States Attorney General Eric H. Holder, Jr. is automatically substituted for former United States Attorney General Michael B. Mukasey as Respondent in this case.

Salim Sheikh, New York, NY, for Petitioner.

John S. Hogan, Senior Litigation Counsel (Gregory G. Katsas, Assistant Attorney General, Civil Division & Mary Jane Candaux, Associate Director, on the brief) Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. WALKER, Hon. GUIDO CALABRESI, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Nazmin and Nadia Habib, natives and citizens of Bangladesh, seek review of a March 7, 2008 order of the BIA affirming the March 23, 2007 decision of Immigration Judge ("IJ") Sandy K. Hom denying their motion to reopen proceedings. *In re Nazmin/Nadia Habib*, Nos. A 73 642 352/73 588 622 (B.I.A. Mar. 7, 2008), *aff'g* Nos. A 73 642 352/73 588 622 (Immig. Ct. N.Y.City, Mar. 23, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, "the BIA adopts and merely supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA." *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir.2006).

We conclude that the agency did not abuse its discretion in denying the Habibs' motion to reopen. The Immigration and Nationality Act ("INA") and its implementing regulations provide that an individual must file a motion to reopen within ninety days of the issuance of a final administrative order of removal. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). This limitation, however, does not apply when the motion to reopen is filed in order to apply for asylum or withholding of removal based on changed circumstances arising in the individual's country of nationality, if the evidence submitted is material and was unavailable and undiscoverable at the time of the individual's hearing before the IJ. 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). Here, the Habibs' second motion to reopen was untimely, as it was filed with the immigration court more than six years after the IJ issued their removal orders. While the Habibs argue that the agency failed to consider evidence in the record demonstrating changed conditions in Bangladesh, they make no arguments demonstrating how conditions have changed. Rather than showing that country conditions have worsened, Petitioners allege only that "country conditions are no better than [in] the past." Additionally, they fail to identify any portion of the record that supports their argument. Indeed, the record is devoid of objective evidence of conditions in Bangladesh in 2001 and no reviewing body can determine whether conditions have changed in the country. Accordingly, we cannot conclude that the BIA erred in finding that the Habibs failed to establish changed country conditions in Bangladesh. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). Because the Habibs' brief to this court makes only conclusory and unsupported arguments that country

conditions in Bangladesh have changed, we find no abuse of discretion in the agency's denial of their motion to reopen. *See Kaur v. BIA*, 413 F.3d 232, 233–34 (2d Cir.2005) (per curiam).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(b).